CHIQUÉS, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura de testamento.

No. 382.—Resuelto en febrero 24, 1919.

TESTAMENTO—DERECHO HEREDITARIO—INSCRIPCIÓN DEL.—Cuando se trata de inscribir simplemente el derecho hereditario, bastará el documento auténtico en

que tal derecho conste, siempre que los bienes aparezcan inscritos a favor del causante y existiendo un solo heredero éste solicite la inscripción a su favor o siendo varios la pidan proindiviso.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Lorenzo Jiménez García.*

El registrador recurrido, Sr. Francisco Socorro, compareció por escrito.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En Caguas, y ante notario, el 21 de agosto de 1909, doña Rita Vega y Cruz, soltera, sin descendencia de ninguna clase, otorgó testamento, declarando cuáles eran sus bienes e instituyendo "por su única y universal heredera, a su señora madre, doña Natalia Cruz Jiménez, sin limitaciones." Doña Natalia fué también designada por la testadora "albacea solidaria de los bienes que resulten, con todas las facultades en derecho consiguientes."

Falleció la testadora y la heredera acudió al registro de la propiedad del distrito interesando inscribir su derecho hereditario en cuanto a cierta participación en el dominio de una finca registrada a favor de la testadora. La heredera presentó la copia auténtica del testamento, el recibo del pago de la contribución sobre la herencia y la certificación creditiva de la defunción de la testadora.

El registrador se negó a verificar la inscripción solicitada por los siguientes motivos:

"1º. No acreditarse en forma legal auténtica que dicho testamento no ha sido revocado de derecho por otro posterior perfecto otorgado por la testadora Rita Vega y Cruz.

"2º. No acreditarse en forma legal que la albacea doña Natalia Cruz y Jiménez, que es también la heredera instituída por la testadora, esté autorizada como tal albacea para hacerse cargo de los bienes de la finada; y

"3º. No acreditarse en igual forma que el testamento objeto de esta denegatoria está otorgado con las formalidades exigidas por la ley."

A nuestro juicio es improcedente la negativa del registrador. Sólo se trata de inscribir el derecho hereditario y para ello "basta con presentar el documento auténtico en que tal derecho consta, siempre que se reúnan estas dos circunstancias: que los bienes hereditarios consten incritos a favor del causante, como sucede en el presente caso, y segundo, que haya un solo heredero o varios que soliciten la inscripción proindivisa." *Sucesión Dávila* v. *El Registrador,* 15 D. P. R. 669.

Sobre la materia se trata ampliamente en los Comentarios a la Legislación Hipotecaria por Galindo y de la Escosura, tomo 1, página 244 y siguientes de la cuarta edición reimpresa en 1903. Se citan muchas resoluciones de la Dirección General de los Registros de España y de todas ellas se deduce que basta la presentación del testamento para que el registrador inscriba el derecho hereditario, sosteniendo los autores que no incurre en responsabilidad el registrador por inscribir un testamento derogado.

Lo que exige el registrador en este caso concreto en el primero de los motivos de su nota, es una prueba negativa difícil de proporcionar, tanto más cuanto que en Puerto Rico no existe ningún registro de actos de última voluntad. El registrador actúa por el requerimiento y bajo la responsabilidad de los interesados, y si con motivo del testamento surge alguna cuestión, es a los tribunales a los que toca resolverla.

No es necesario discutir la cuestión que suscita el registrador en el segundo de los motivos de su nota, porque la persona que solicitó la inscripción lo hizo como heredera y no en su carácter de albacea.

El tercer motivo de la negativa es demasiado general. Concretamente debió haber expresado el registrador cuáles eran las formalidades de la ley que se habían dejado de cumplir. Entonces hubiéramos estado en condiciones de decidir si dicha falta de cumplimiento era de tal trascendencia que convertía el testamento en una mera nulidad o si podía prescin-

dirse de ella por la voluntad de las partes interesadas en cuyo caso carecía el registrador de facultad para rehusar la inscripción.

Por virtud de lo expuesto, opinamos que debe revocarse la nota recurrida y ordenarse la inscripción solicitada.

> *Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.